# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD J. DALY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-15-448-D |
| JUSTIN JONES, ODOC Director, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Court Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and taken judicial notice of various state court records.[1] After review, the undersigned recommends that the court dismiss the petition as untimely.

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

**I.      Background.**

Petitioner pleaded guilty to multiple crimes in Comanche County District Court, Case No. CF-2011-449, and on April 25, 2013, the trial court entered the convictions. Doc. 1, at 1.[2] Petitioner moved to withdraw his guilty plea on May 2, 2013, but then withdrew the motion on May 16, 2013. *See id.* at 2; *see also* Okla. State Courts Network, *State v. Daly*, Case No. CF-2011-449, District Court in and for Comanche County, Oklahoma http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2011-449, docket entries dated May 2nd and 16th, 2013 (last accessed May 28, 2015). Almost a year later, on February 19, 2014, Petitioner sought a one-year judicial review of his sentences. *See id.*, docket entry dated Feb. 19, 2014. The state court denied relief on February 21, 2014. *See id.*, docket entry dated Feb. 21, 2014. Petitioner filed a second judicial review on November 26, 2014, *see id.*, docket entry dated Nov. 26, 2014; however, the docket does not reflect when or if the district court ruled on that motion. Petitioner filed the instant petition on April 24, 2015.[3]

---

[2]     All page citations refer to the court's CM/ECF pagination.

[3]     The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner verifies that date as April 24, 2015. Doc. 1, at 15.

## II. Petitioner's claims.

Petitioner alleges that: (1) he received a harsher sentence than his co-defendant; (2) his attorney was ineffective for failing to challenge the delay in arraignment; (3) his counsel "scared" him into entering a blind plea, failed to explain his rights or prepare a defense, and "bullied" him into withdrawing him motion to withdraw the guilty plea; and (4) the trial court showed "bias and d[i]scrimination" in sentencing. Doc. 1, at 5-10.

## III. Analysis.

The undersigned finds that Plaintiff's claims are time-barred.

### A. The starting date for the statute of limitations.

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which establishes a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). Here, that clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on April 25, 2013, and he withdrew his motion to withdraw the guilty plea. So, his convictions became final ten days later on May 5, 2013. *See Fleming*, 481 F.3d at 1255 (stating that a

3

conviction became final ten days after an Oklahoma defendant's entry of a guilty plea absent a timely motion for withdrawal or direct appeal); *see also Riley v. Addison*, Case No. CIV-13-397-F, 2013 WL 4782382, at *1, 3 (W.D. Okla. Sept. 6, 2013) (unpublished order) (adopting the magistrate judge's finding that if an Oklahoma defendant withdraws his motion to withdraw his guilty plea, he has not sought "timely withdraw [of] his plea" and his conviction becomes final "'ten days after entry of the Judgment and Sentence'" (citation omitted)). Absent tolling, Petitioner's statute of limitations on his claims expired one year later, on May 6, 2014. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

### B. Statutory tolling.

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Before May 6, 2014, Petitioner filed one pleading in state court – a petition for judicial review (presumably filed under Okla. Stat. tit. 22, § 982a). Doc. 1, at 4. He filed that motion on February 19, 2014, and the state court denied it on February 21, 2014. *See supra* § I.

4

"The Supreme Court has defined 'collateral review' as 'judicial review of a judgment in a proceeding that is not part of direct review,' including motions to reduce sentence under state law." *Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. 2012) (applying Wyoming law) (quoting *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1281-82 (2011) (holding that a motion to reduce sentence under Rhode Island state law was "collateral review" and tolled the AEDPA statute of limitations); *see also Neiberger v. McCollum*, 577 F. App'x 850, 853 (10th Cir. 2014) ("We also agree with the district court that Defendant was entitled to tolling under § 2244(d)(2) for the 11 days from the time he filed his motion for sentence modification to the time the state court denied the motion.") (applying Oklahoma law).

The undersigned presumes for this case that Petitioner's petition for judicial review served as a collateral-review mechanism. *See Neiberger*, 577 F. App'x at 853; *Najera*, 462 F. App'x at 830. With this finding, Petitioner is entitled to three days of statutory tolling, extending his statute of limitations to May 9, 2014.[4] However, Petitioner's November 2014 motion for judicial review provides him no further statutory tolling, as he applied approximately six months after the expiration of his statute of limitations. *See Fisher v.*

---

[4] There is no available appeal from the court's denial of a § 982a motion. *See Clemens v. Sutter*, 230 F. App'x 832, 834 n.1 (10th Cir. 2007) (holding that § 982a motions "seek discretionary review and their denial is not appealable").

*Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

C.   **Equitable tolling.**

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances'") (citation omitted). Petitioner must also show "diligent pursuit of his claim[s]." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that equitable tolling does not apply unless a petitioner shows both "extraordinary circumstances preventing timeliness and diligent pursuit of his claim").

Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing . . ."; or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. Petitioner carries

6

the burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner does not directly address equitable tolling in his petition; however, in an abundance of caution, the undersigned liberally construes Petitioner's allegations as suggesting equitable tolling on three grounds: (1) mental incompetence; (2) ignorance of the law; and (3) ineffective assistance of counsel. After consideration, the undersigned finds that tolling is unwarranted on these grounds.

### 1. Alleged extraordinary circumstances.

#### a. Alleged mental incompetence.

Petitioner says that he was "found mentally incompetent" and has a "mental imbalance." Doc. 1, at 5, 11. Equitable tolling may be warranted "in circumstances such as 'adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing [his] own claim' because of mental incapacity.'" *Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. 2009) (citations omitted). But it does not appear these circumstances are present here.

The Comanche County docket reflects that the trial court found him competent *before* it accepted his guilty plea. *See* Okla. State Courts Network, *State v. Daly*, Case No. CF-2011-449, District Court in and for Comanche County, Oklahoma, http://www.oscn.net/dockets/GetCase_Information.aspx?

db=comanche&number=CF-2011-449, docket entry dated Feb. 25, 2013 (last accessed May 28, 2015). Petitioner presents no evidence to support his contrary claim, and ultimately fails to establish that he has ever been adjudicated incompetent, institutionalized for mental incapacity, or is incapable of pursuing his own claims based on mental incapacity.

### b. Ignorance of the law.

Petitioner also repeatedly mentions he "[doesn't] know the law." Doc. 1, at 7, 11. However, "it is well established 'that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Without more, the undersigned cannot recommend equitable tolling based on this factor.

### c. Ineffective assistance of counsel.

Petitioner complains that his counsel "scared" him into entering a blind plea, failed to explain his rights or prepare a defense, and "bullied" him into withdrawing his motion to withdraw the guilty plea. Doc. 1, at 5-6, 8. But Petitioner does not explain how the attorney's conduct − in April and May of 2013 − prevented him from timely filing his habeas petition before May 9, 2014. Under these circumstances, the undersigned finds no basis for equitably tolling Petitioner's statute of limitations based on ineffective assistance of counsel. *See White v. Mullin*, 424 F. App'x 774, 777 (10th Cir.

2011) (affirming the district court's ruling that petitioner was not entitled to equitable tolling based on counsel's alleged conduct after a guilty plea because petitioner had "failed to point to any egregious conduct by his attorney that delayed his ability to file a timely § 2254 application").

### 2. Lack of diligence.

The undersigned finally notes that, besides failing to articulate a valid claim for extraordinary circumstances, Petitioner has not acted with diligence.

Petitioner knew in May 2013 that he had been "bullied" into dropping his motion to withdraw the guilty plea, and he states he discovered his attorney's other failings in September 2013. Doc. 1, at 8-9. Yet Petitioner waited another year and a half to file a habeas petition.[5] This delay suggests that Petitioner did not engage in a "diligent pursuit of his claim[s]." *Clark*, 468 F.3d at 714; *see also Gibson*, 232 F.3d at 808 (holding that petitioner's delay of thirteen months shows he "did not exercise due diligence in pursuing his federal claims").

### D. Summary.

With statutory tolling, Petitioner's statute of limitations expired on May 9, 2014, and he is not entitled to equitable tolling. Because Petitioner

---

[5] Petitioner attempted to raise the present claims in an earlier petition, filed in March 2014. *See* CIV-14-286-D, Doc. 1. The court dismissed that petition when Petitioner failed to pay the filing fee. *See id.* Doc. 7.

9

did not file the instant petition until April 24, 2015, the undersigned recommends that the court dismiss Petitioner's habeas petition as untimely.

**IV.   Recommendation and notice of right to object.**

The undersigned finds that Petitioner's petition is untimely and recommends that the court dismiss the petition on screening.

Petitioner did not object to the undersigned's recommendation that the court deny his application to proceed in forma pauperis. *See* Doc. 6. The court's adoption of this recommendation would moot Petitioner's application to proceed in forma pauperis, Doc. 2, and the related pending report and recommendation. Doc. 6.

The undersigned advises Petitioner of his right to object to this report and recommendation by the 23rd day of June, 2015 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an

issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 3rd day of June, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE