IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD J. DALY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-448-D |
| | ) | |
| JUSTIN JONES, ODOC Director, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued

by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)

and (C). Upon preliminary review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus, Judge Mitchell finds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1),

and recommends that it be dismissed. Petitioner has made a *pro se* filing that is liberally

construed as a timely objection [Doc. No. 12]. Thus, the Court must make a *de novo*

determination of portions of the Report to which a specific objection is made, and may

accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b)(3).

Petitioner seeks to challenge convictions and sentences imposed on April 25, 2013,

upon a plea of guilty to multiple offenses. He filed a timely motion to withdraw his guilty

plea but then withdrew the motion. On February 19, 2014, Petitioner filed a motion for

judicial review of his sentence, which was denied two days later. With the benefit of

statutory tolling under 28 U.S.C. § 2244(d)(2) based on this filing, Judge Mitchell finds that

the one-year limitation period of § 2244(d)(1) was extended to May 9, 2014. However, Judge Mitchell finds no basis for equitable tolling, and thus, the Petition filed in this case on April 28, 2015, is time barred.

Liberally construing the arguments in Petitioner's objection, the Court finds that Petitioner challenges Judge Mitchell's findings regarding equitable tolling. Petitioner first asks the Court to take notice that he previously filed a timely federal habeas petition on March 24, 2014, but it was dismissed for failure to pay the filing fee. *See Daly v. Rios*, Case No. CIV-14-286-D, Order of Dismissal (W.D. Okla. May 20, 2014).[1] Petitioner faults the correctional facility where he was (and still is) confined for causing the dismissal by failing to transmit a $5.00 disbursement from his institutional account. But Petitioner neither appealed nor sought relief from the dismissal. The current Petition does not relate back to the earlier one. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And even if equitable tolling were available based on the pendency of Petitioner's first federal habeas petition, this additional two-month period would be insufficient to render the current Petition timely filed.

Second, Petitioner states that the facility where he is confined is "always on lock down" (specifically "Nov., Dec., May, and still are"), and even when not locked down, the facility allows inmates very limited access to a law library. *See* Objection [Doc. No. 12], p.1. Petitioner does not explain how the recent lock down or lack of library access prevented him

---

[1] Judge Mitchell noted that Petitioner had made a prior filing but did not otherwise discuss it. *See* Report & Recom. [Doc. No. 8], p.9, n.5.

from filing a habeas petition in 2014. He does argue as a third point in his objection that he lacks legal knowledge and must rely on other inmates, and he complains that inmate law clerks provide little help. The Court does not find in these factual allegations any extraordinary circumstance to justify equitable tolling or a statutory basis for tolling under 28 U.S.C. § 2244(d)(1)(B). *See Jones v. Oklahoma*, 191 F. App'x 752, 755 (10th Cir. 2006) (existence of prison-wide lock down did not show that petitioner lacked access to necessary papers or mailbox or was prevented from filing timely petition); *Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001) (prison lock down and lack of legal training were insufficient to warrant equitable tolling or constitute impediment to filing).[2]

The Petition in this case, as well as publicly available state court records accessed by Judge Mitchell, show that Petitioner made a state court filing in November 2014 while he was allegedly experiencing a lock down. *See* Petition [Doc. No. 1], ¶ 11; Report & Recom. [Doc. No. 8], p.2. Petitioner has also communicated with this Court repeatedly during the alleged lock down. Further, Petitioner previously filed a federal habeas petition that was dismissed on procedural grounds, which demonstrates that he received any necessary assistance to make a timely filing. In short, the Court finds Petitioner's factual allegations fail to show "that he has been pursuing his rights diligently" or "that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

[2] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

Finally, Petitioner argues that his mental incompetence provides a basis for equitable tolling. The factual allegations in support of this argument refer to historical conditions, namely, evaluations or treatment that occurred in connection with his criminal case. Petitioner does not allege any mental incapacity during the relevant time period, and thus he fails to prevent an extraordinary circumstance that would support equitable tolling of the limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001).

For these reasons, upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Mitchell's finding that the Petition is time barred.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED with prejudice as untimely. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.

473, 484 (2000).  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA will be denied.  The denial shall be included in the judgment.

IT IS SO ORDERED this  2nd  day of July, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE